J-A08025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT SIZEMORE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EDWARD DEARMITT | |
| Appellee | No. 1103 WDA 2018 |

Appeal from the Judgment Entered August 3, 2018
In the Court of Common Pleas of Allegheny County
Civil Division at No: AR15-004454

BEFORE: PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:          **FILED JUNE 24, 2019**

Appellant, Robert Sizemore, appeals *pro se* from the August 3, 2018 judgment entered in favor of Appellee/Defendant, Edward Dearmitt. We affirm.

The record reflects that an altercation occurred between Appellant and Appellee on September 16, 2013 at the Gateway Center Port Authority Transit ("PAT") northbound platform. Appellant claims he recognized Appellee from a local college, but did not know him prior to the altercation. Appellant claimed that he introduced himself, but Appellee called him a racial slur and eventually spat on him during the ensuing argument. Appellant claimed he sustained injuries when Appellee head butted him.

The trial court, sitting as fact finder, summarized its findings in its Pa.R.A.P. 1925(a) opinion:

[Appellee] had previously worked at a few of the Subway stores in the Downtown area of Pittsburgh. [Appellee] knew [Appellant] from a particular incident which occurred at the Subway on Wood Street in January of 2013. On that occasion, [Appellant] bought three (3) cookies, and attempted to steal a drink. [Appellee] caught him, and ordered him out of the store. [Appellant] then left, acquired a drink from a different store, returned to the Wood Street Subway, threw the drink in [Appellant's] face, and then broke the storefront window. The damage to the window is depicted in [Appellee's] Exhibit 1.

[Appellant's] image was captured on the security cameras of the store and was posted at the other Subway stores in downtown Pittsburgh with instructions that he not be served. Later in July of 2013, [Appellee] was in the Market Square Subway when [Appellant] entered. An employee began to serve [Appellant], but [Appellee], who recognized him, instructed [Appellant] to leave the store.

On September 16 of 2013, [Appellee] and his girlfriend were at the PAT platform in Gateway Center to go to the North Side. [Appellant] approached them, and he threatened [Appellee], stating, "I remember you." [Appellee] called 911 and informed the police he was being harassed by [Appellee] [sic] with whom he had a history. When [Appellee] got off the phone, [Appellant] threatened to 'beat up' [Appellee] to which [Appellee] replied for [Appellant] to get away from him. [Appellant] continued accosting [Appellee], poking his forehead. [Appellee] testified that he attempted to move away but [Appellant] stepped in front of him anytime he moved. Consequently, the only exit that was not blocked by [Appellant] was the escalator. The escalator was, however, behind [Appellee] and [Appellee] did not think it safe to turn his back to [Appellant]. [Appellee] testified that he was frightened and attempted to move forward, but hit [Appellant] in the face with his forehead. [Appellant] then lunged at him, and [Appellee] ran away.

[Appellee's] Exhibit 3 is a surveillance video of the platform that shows the incident, albeit without audio, matching closely with [Appellee's] testimony. Importantly, the video does not depict [Appellee] ever spitting in [Appellant's] face. [Appellant] additionally testified that [Appellant] made a complaint to Subway, which is [Appellant's] Exhibit 2, following the subject incident. [Appellant] acknowledged that he broke the storefront

window, that [Appellee] kicked [Appellant] out of the store in July, and that that on the PAT platform the parties had argued about everything that happened.

Trial Court Opinion, 9/19/18, at 2-3.[1]

Appellant filed a complaint against Appellee seeking $3,000.00 in compensation for injuries he sustained. The case proceeded to a December 14, 2017 compulsory arbitration, after which the panel entered an award of $3,000.00 in favor of Appellee. Appellee appealed the award to the Allegheny County Court of Common Pleas. The trial court, sitting as fact finder in the *de novo* trial, entered a defense verdict on July 12, 2018. Appellant filed post-trial motions on January 20, 2018, and the trial court denied those motions and entered judgment in Appellee's favor on August 3, 2018. This timely *pro se* appeal followed.

The record reflects that the trial court entered an order pursuant to Pa.R.A.P. 1925 on August 7, 2018. Appellant never filed a concise statement of matters complained of on appeal, and therefore he has waived all of his issue on appeal. Pa.R.A.P. 1925(b)(4)(vii). Even were we to address the merits of Appellant's appeal, he would not obtain relief.

Appellant has filed three briefs with this Court, an opening brief, a supplemental brief, and a reply brief. His arguments are legally and factually

---

[1] The trial court's opinion does not contain record citations, as Appellant did not have a transcript prepared.

undeveloped, but in essence, he argues that the evidence of record does not support the trial court's verdict.

> Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Allegheny Energy Supply Co., LLC v. Wolf Run Min. Co.*, 53 A.3d 53, 60–61 (Pa. Super. 2012), *appeal denied*, 69 A.3d 599 (2013).

We are unable to assess the extent to which the record supports the trial court's findings, inasmuch as Appellant failed to request a transcript of the *de novo* trial, as was his obligation under Pa.R.A.P. 1911(a). Appellant has waived his appellate arguments for this additional reason. Pa.R.A.P. 1911(d).

In any event, the outcome depended in large part on the trial court's credibility determinations. The trial court found as follows:

> [Appellant's] overarching contention seems to be that the non-jury verdict was not supported by the weight of the evidence. In reaching the verdict in favor of [Appellee], this Court found [Appellant] to be incredible based on his testimony and the facts. This Court additionally found [Appellee] to be credible. The

- 4 -

incident occurred on the side of the platform that required passengers to travel north, but [Appellant] claimed that he was going to the South Hills when he happened to see [Appellee]. [Appellant] additionally claimed that he did not break any windows at Subway, but then acknowledged the incident in his complaint to Subway and that he and [Appellee] had an ongoing issue. This is in stark contrast with [Appellee's] original testimony that he had never met [Appellee], but merely recognized him.

Trial Court Opinion, at 4. Additionally, we observe that the surveillance footage did not confirm Appellant's claim that Appellee spit in his face. The trial court therefore had reason to believe that Appellant's testimony included several falsehoods. In light of all of the foregoing, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2019

- 5 -